IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:     1:22-cv-1174

CROW HILL LLC, d/b/a MÜLIBEX,

    Plaintiff,

v.

BIG AGNES, INC., a Colorado corporation,

    Defendant.

## COMPLAINT FOR PATENT INFRINGEMENT

1. Crow Hill LLC, dba MÜLIBEX ("MÜLIBEX") hereby alleges for its Complaint ("Complaint") against Big Agnes, Inc. ("Big Agnes") as follows.

## NATURE OF THE ACTION

2. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including specifically 35 U.S.C. § 271.

## THE PARTIES

3. Plaintiff Crow Hill LLC, dba MÜLIBEX, is a limited liability company organized and existing under the laws of the State of South Carolina with an address at 152 Cape May Lane, Mount Pleasant, South Carolina 29464.

4.	Upon information and belief, Defendant Big Agnes, Inc. is a corporation organized and existing under the laws of the State of Colorado with a principal place of business at 840 Yampa Street, Steamboat Springs, Colorado 80487.

5.	Big Agnes may be served with legal process through its registered business address of 840 Yampa Street, Steamboat Springs, Colorado 80487.

## JURISDICTION AND VENUE

6.	Upon information and belief, Big Agnes sells products throughout the United States, including in this judicial district, and it introduces products into the stream of commerce that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

7.	This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.	Upon information and belief, this Court has personal jurisdiction over Big Agnes at least because (a) Big Agnes is a Colorado corporation with its principal place of business in the State of Colorado, (b) Big Agnes regularly conducts and solicits business within the State of Colorado, including offering for sale and selling the alleged infringing products giving rise to the present controversy, (c) the causes of action asserted in this Complaint arise out of Big Agnes' activities within the State of Colorado, including causing alleged infringing products to be imported into the United States, and (d) Big Agnes otherwise has sufficient minimum contacts with the State of Colorado, has purposefully availed itself of the privileges of conducting business in the State, and has purposely availed itself of the privileges and benefits of the laws of the State.

9.	Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Big Agnes is a Colorado corporation and has a regular and established place of business in this District

and has committed acts of infringement in this District at least by selling and/or offering to sell the products accused of infringement herein.

## BACKGROUND

10. MÜLIBEX was founded on May 8, 2014 by Steve Graybill, a former U.S. Marine and currently an aerospace structural design engineer.

11. MÜLIBEX designs and manufactures minimalist, adaptive gear for outdoor adventuring. MÜLIBEX's durable products are made of high-quality materials and are manufactured entirely within the United States.

12. MÜLIBEX offers a line of versatile camping chair systems, each featuring a configurable base that can also transform each system into a trekking pole chair, a recon stool, or a beach lounger with the addition of their respective fabric seats. For example, MÜLIBEX sells an adaptive frame that can be adjusted to accommodate any number of MÜLIBEX's interchangeable seat options:



13. For example, one interchangeable seat option attaches to the adaptive frame to form a camping chair:



14. As the name suggests, the seat is interchangeable with other seats sold by MÜLIBEX. Consequently, the camping chair pictured above can easily be converted into a beach lounger, or light recon stool:





15. MULIBEX's unique design allows for superior load bearing while at the same time providing an easy-to-carry, lightweight chair that gives its users higher seating from the ground without comprising lateral stability and support. As shown below, MULIBEX's chairs are able to support a load of 882 pounds through its unique design features.



16. One key design feature that in part allows for this is the inclusion of a mechanical junction that allows for a collinear relationship between the forward lower leg and the upper back arm. This load path places those members in axial compression, which gives the supporting frame superior load carrying capability. An example of the mechanical junction and its facilitation of the colinear relationship between the arm and the leg is depicted below.

5



17. The MÜLIBEX adaptive chair system is ideally designed to collapse and store within a compact, easy-to-carry, bag:



18. The key design feature allowing for collapse and storage of the entire wide chair assembly within an easy to transport bag is the inclusion of a collapsible lateral rod designed and developed by Mr. Graybill.

19. On January 14, 2020, the United States Patent and Trademark Office issued U.S. Patent No. 10,531,740 ("the '740 patent"), entitled "Collapsible Chair," which covers certain features of the MÜLIBEX adaptive chair system, including the innovative collapsible lateral rod and collinear nature of supporting members through a mechanical junction designed and developed by Mr. Graybill. A true and correct copy of the '740 patent is attached to this complaint as Exhibit A.

20. The '740 patent claims priority to February 3, 2017 and the benefit of multiple provisional patent applications filed by Mr. Graybill.

21. CROW HILL LLC DBA MÜLIBEX is the owner of all right, title, and interest in the '740 patent, and Mr. Graybill is correctly identified on the '740 patent as the sole inventor of the patented subject matter.

22. Defendant Big Agnes sells a line of infringing chairs that incorporates the claimed features of MÜLIBEX's '740 patent. Upon information and belief, the infringing chairs are manufactured overseas, allowing Big Agnes to undercut MÜLIBEX's pricing.

23. Big Agnes' SKYLINE UL product is an example of an infringing chair.



24. Like MÜLIBEX's adaptive chairs, Big Agnes' chairs can be stored and transported in a compact bag:



25. Big Agnes' chairs incorporate the same collapsible lateral rod as shown in the below screenshot from a Big Agnes demonstration video:



26. As can be seen, Big Agnes' collapsible lateral rod appears to be directly copied from MÜLIBEX's patented technology:



27. Because MÜLIBEX manufactures its products in the United States, it is forced to charge its customers higher prices than Big Agnes, which, upon information and belief, avails itself of overseas manufacturing and low-cost materials. Accordingly, not only is Big Agnes using MÜLIBEX's patented technology without authorization, but it is also doing so in a manner that gives it unfair competitive advantages over MÜLIBEX. MÜLIBEX thus had no choice but to bring this action seeking damages and an injunction halting Big Agnes from further importation and sale of the infringing chairs.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 10,531,740

28. MÜLIBEX repeats the allegations of paragraphs 1-27 above as though fully set forth herein.

29. The '740 patent is valid and enforceable.

30. MÜLIBEX complies with 35 U.S.C. 287(a) by, *inter alia*, marking its chairs with the '740 patent both at the point of sale and online: https://www.mulibex.com/pages/patents-and-design-rights.

31. In contravention of 35 U.S.C. § 271(a), Big Agnes has directly infringed and continues to directly infringe at least claims 1-10 of the '740 patent, literally or under the doctrine of equivalents through its manufacture, sales, and importation of at least the following chairs (hereafter the "Accused Products"):

    (a) BIG SIX Armchair

    (b) MICA BASIN Armchair

    (c) BIG SIX Camp Chair

    (d) MICA BASIN Camp Chair

(e) SKYLINE UL Chair

(f) SKYLINE UL Stool

32. Claim 1 of the '740 patent is representative of the claims infringed by Big Agnes and is set forth below:

**1.** A collapsible chair (100) comprising:

a collapsible lateral rod (120) comprising a first end and a second end;

a first mechanical junction (130) adapted to couple with the first end of the collapsible lateral rod (120), and adapted to releasably couple with a first base support structure component (115) that extends collinearly through the first mechanical junction;

a second mechanical junction (130) adapted to couple with the second end of the collapsible lateral rod (120), and adapted to releasably couple with a second base support structure component (115) that extends collinearly through the second mechanical junction;

first and second legs (110, 110) releasably coupled to the first and second mechanical junctions (130, 130), respectively;

a first and second front chair support members (125, 125) releasably coupled to the first and second mechanical junctions (130, 130), respectively; and,

a flexible chair seat (135) comprising a front right section, a front left section, a top right section, and a top left section,

wherein when the first and second base support structure components (115, 115) are respectively coupled with the first and second mechanical junctions (130, 130): the first

and second base support structure components (115, 115) function as third and fourth legs, respectively, of the collapsible chair (100), and,

the front right section is adapted to releasably couple with the first front chair support member (125) and the front left section is adapted to releasably couple with the second front chair support member (125).

33. The Accused Products infringe claim 1 of the '740 patent.

34. Big Agnes' SKYLINE UL Chair is representative of Big Agnes' infringement.

35. Big Agnes' SKYLINE UL Chair is a collapsible chair, as claimed.



36. Big Agnes' SKYLINE UL Chair is collapsible at least because it is foldable into a carrying bag.

37. Big Agnes' Ultralight Chair includes **a collapsible lateral rod that comprises a first end and a second end**, as claimed:



38. As shown, the collapsible rod includes a first end on its left-most side and a second end on its right-most side. As can be seen, the rod includes a shock-cord, which allows it to collapse.

39. Big Agnes' SKYLINE UL Chair includes **a first mechanical junction** adapted to couple with the first end of the **collapsible lateral rod** and adapted to releasably couple with a first **base support structure** component that extends collinearly through the first mechanical junction, as claimed:



40. The **first mechanical junction** is coupled with the first end of the **collapsible lateral rod**. **A base support structure** extends through **the mechanical junction** collinearly. The base support structure is adapted to be releasably coupled with the first mechanical junction at least because the chair is able to collapse and be stored in a bag due to its shock-corded design:



41. Big Agnes' SKYLINE UL Chair includes **a second mechanical junction** adapted to couple with the first end of the **collapsible lateral rod** and adapted to releasably couple with a second **base support structure** component that extends collinearly through the first mechanical junction, as claimed.

42. Big Agnes' SKYLINE UL Chair includes a corresponding structure that is a mirror-image of the image above demonstrating that this element is met.

43. Big Agnes' SKYLINE UL Chair includes **first and second legs** (110, 110) releasably coupled to the **first and second mechanical junctions** (130, 130), as claimed:



44. The **legs** are releasably coupled to the **mechanical junctions** at least because the chair can be collapsed and stored in a bag as shown above.

45. The Big Agnes SKYLINE UL Chair includes a **first and second front chair support members** (125, 125) releasably coupled to the **first and second mechanical junctions** (130, 130), respectively, as claimed:

15



46. The **chair support members** are releasably coupled to the **mechanical junctions** at least because the chair can be collapsed and stored in a bag as shown above.

47. The Big Agnes SKYLINE UL Chair includes a flexible chair seat (135) comprising a front right section, a front left section, a top right section, and a top left section, as claimed:



16

48. Big Agnes' SKYLINE UL Chair is structured such that when the **first and second base support structure components** are respectively coupled with **the first and second mechanical junctions**, the **first and second base support structure** components function as **third and fourth legs**, respectively, of the collapsible chair, as claimed:



49. The Big Agnes SKYLINE UL Chair is structured so that the front right section of the flexible chair seat is adapted to releasably couple with the first front chair support member and the front left section is adapted to releasably couple with the second front chair support member, as claimed:

17



50.     The accused MICA BASIS and BIG SIX products incorporate the same infringing features as the SKYLINE UL Chair and therefore each infringes Claim 1 for the same reasons as outlined above.

51.     MÜLIBEX is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MÜLIBEX hereby demands a trial by jury on all issues on which trial by jury is available under applicable law.

18

## PRAYER FOR RELIEF

MÜLIBEX respectfully seeks the following relief:

A. A judgment in favor of MÜLIBEX that Big Agnes has infringed on U.S. Patent No. 10,531,740 in violation of 35 U.S.C. § 271;

B. An award of damages sufficient to compensate MÜLIBEX for Big Agnes' infringement of U.S. Patent No. 10,531,740, including lost profits suffered by MÜLIBEX as a result of Big Agnes' infringement, in an amount not less than a reasonable royalty.

C. A judgment in favor of MÜLIBEX permanently enjoining Big Agnes and its directors, officers, agents, servants, and employees, and those acting in privity or in concert with it, and its parents, subsidiaries, divisions, branches, affiliates, successors and assigns from further acts of infringement of U.S. Patent No. 10,531,740.

D. An award of pre- and post-judgment interest and the taxation of all allowable costs against Big Agnes.

E. An award of increased damages in an amount not less than three times the damages assessed for Big Agnes' infringement of U.S. Patent No. 10,531,740, in accordance with 35 U.S.C. § 284.

F. A judgment in favor of MÜLIBEX that this case is "exceptional" under 35 U.S.C. § 285 and an award of MÜLIBEX's attorneys' fees incurred in this action;

G. That Big Agnes be ordered to provide an accounting for the damages resulting from the infringement of U.S. Patent No. 10,531,740, together with interests and costs, and all other damages permitted by 35 U.S.C. § 284, including an accounting for infringing acts not presented at trial and an award by the court of additional damages for any such infringing acts; and

H.    For such other and further relief as this Court shall deem appropriate.

Dated: May 10, 2022

*/s/ W. Cook Alciati*
W. Cook Alciati
Gardella Grace P.A.
80 M Street SE, 1st Floor
Washington, D.C., 20003
Telephone: (703)721-8379
Facsimile: (703)740-4541

*Attorney for Plaintiff*
*Crow Hill LLC, dba MÜLIBEX*